UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CASE NO. 4:17-CV-50-JHM

[Filed Electronically]

**KOURTNEY NICOLE RUTLEDGE**                                    **PLAINTIFF**

VS.

**DAVIESS COUNTY, KENTUCKY**
**d/b/a DAVIESS COUNTY DETENTION CENTER**                       **DEFENDANT**

    **SERVE:**    **AL MATTINGLY**
                  **DAVIESS COUNTY JUDGE EXECUTIVE**
                  **212 SAINT ANN STREET, ROOM 202**
                  **OWENSBORO, KY 42301**

-AND-

**DAVID OSBORNE, Individually and in his Official**
**Capacity as the Daviess County, Kentucky Jailer**              **DEFENDANT**

    **SERVE:**    **DAVID OSBORNE, JAILER**
                  **DAVIESS COUNTY DENTENTION CENTER**
                **3337 HWY 144**
                **OWENSBORO, KY 42303**

-AND-

**ADVANCED CORRECTIONAL HEALTHCARE, INC.**
**3922 W. Baring Trace**
**Peoria, Illinois 61615-2500**                                 **DEFENDANT**

    **SERVE:**    **CT CORPORATION**
                **306 W. MAIN STREET**
              **SUITE 512**
              **FRANKFORT, KY 40601**


**SHERRY HURST**
**DAVIESS COUNTY DEPUTY JAILER, Individually, and**
**in her official capacity as an officer/employee and/or agent**
**of Daviess County, Kentucky, d/b/a Daviess County Detention Center**  **DEFENDANT**

|  |  |  |
|---|---|---|
|  |  | **DEFENDANT** |
| **SERVE:** | **SHERRY HURST**<br>**DAVIESS COUNTY DETENTION CENTER**<br>**3337 HWY 144**<br>**OWENSBORO, KY 42303** |  |

=AND-

**SHANNON SHULAR**
**DAVIESS COUNTY DEPUTY JAILER, Individually and**
**in her official capacity as an officer/employee and/or agent**
**of Daviess County, Kentucky, d/b/a Daviess County Detention**
**Center**                                                                                    **DEFENDANT**

**SERVE:**  **SHANNON SHULAR**
           **DAVIESS COUNTY DETENTION CENTER**
           **3337 HWY 144**
           **OWENSBORO, KY 42303**

-AND-

**SHEILA MATTHEWS, RN, Individually**                              **DEFENDANT**

**SERVE:**  **SHEILA MATTHEWS**
           **DAVIESS COUNTY DETENTION CENTER**
           **3337 HWY 144**
           **OWENSBORO, KY 42303**

-AND-

**SHERI MERSERVE, RN, Individually**                               **DEFENDANT**

**SERVE:**  **SHERI MERSERVE**
           **DAVIESS COUNTY DETENTION CENTER**
           **3337 HWY 144**
           **OWENSBORO, KY 42303**

-AND-

**S. GIBSON, RN, Individually**                                    **DEFENDANT**

**SERVE:**  **S. GIBSON**
           **DAVIESS COUNTY DETENTION CENTER**
           **3337 HWY 144**
           **OWENSBORO, KY 42303**

-AND-

**MATTHEW P. JOHNSON. LPN, Individually**                    **DEFENDANT**

    **SERVE:**     **MATTHEW P. JOHNSON**
                     **DAVIESS COUNTY DETENTION CENTER**
                     **3337 HWY 144**
                     **OWENSBORO, KY 42303**

-AND-

**UNKNOWN JOHN AND/OR JANE DOES, Individually and
in their official capacities as officers/employees and/or agents
of Daviess County, Kentucky, d/b/a Daviess County Detention
Center**                                                                                                    **DEFENDANTS**

-AND-

**UNKNOWN JOHN AND/OR JANE DOES, Individually as
Employees and/or agents of Advanced Correctional Healthcare**     **DEFENDANTS**

## COMPLAINT

      Comes the Plaintiff, Kourtney Nicole Rutledge, by Counsel, and for her Complaint against the Defendants, states as follow:

### I. Introduction

      1.     Plaintiff, Kourtney Nicole Rutledge, brings her claim for damages under 42 U.S.C. Section 1983 and the 8th and 14th Amendments to the Constitution of the United States, as well as violations of statutory and/or common law claims and/or rights arising under state law from the action and/or inactions of the Defendants. As more specifically set forth below, the Plaintiff entered the Daviess County Detention Center ('the Jail") with obviously serious, chronic medical conditions requiring competent monitoring and treatment, but was instead subjected to Defendants' incompetence, negligence and deliberate indifference to her medical

needs and as a result suffered intense pain and suffering, surgery and permanent injury as a consequence of the Defendants actions and misconduct.  It is the purpose of this action to seek redress for the violations of Plaintiff's Civil and Constitutional Rights, and recover damages for her which she has sustained as a result of the Defendants' misconduct, including punitive damages to punish the Defendants' conduct and forever deter its repetition.

## Jurisdiction And Venue

2.	Plaintiff seeks damages from the Defendant under the Civil Rights Act of 1871, 42 U.S.C. Section 1983, for gross and unconscionable violations of the rights, privileges and immunities guaranteed her by the 8th and 14th Amendments to the Constitution of the United States.  Accordingly, this Court has jurisdiction of this case pursuant to the provisions of 28 U.S.C. Sections 1331 and 1343.  Jurisdiction over state law claims is conferred upon this Court by 28 U.S.C. Section 1367.  Venue is proper in this district pursuant to 29 U.S.C. Section 1391.

## III. Parties

3.	Plaintiff, Kourtney Nicole Rutledge, is a Kentucky citizen and a resident of Owensboro, Kentucky during all times relevant to this action.

4.	Defendant, Daviess County, Kentucky, d/b/a Daviess County Detention Center, at all times mentioned herein employed, was responsible for the establishment of policies either formally or by custom for, and was responsible for the employment, training, supervision and conduct of Jailer, David Osborne, the medical staff, and the officers and employees and/or agents of the Daviess County, Kentucky Detention Center and those officers and employees' supervision of the inmates within the custody of Daviess County, Kentucky and the Daviess County, Kentucky Detention Center.

5. Defendant David Osborne was, at all times mentioned herein, acting in his individual and/or his official capacity as the Jailer of Daviess County, Kentucky and an employee, servant, and/or agent of Daviess County, Kentucky or the Davies County, Kentucky Detention Center. As such, he established policies either formally or by custom for, and was responsible for the employment, training, supervision and conduct of the medical staff, the officers, employees and/or agents of the Jail and those officers, employees and/or agents' supervision of the inmates within the custody of Daviess County, Kentucky and the Daviess County Detention Center. Defendant Osborne is named and sued in his individual and official capacity.

6. Defendants Sherry Hurst, Shannon Shular and Unknown John and Jane Doe Defendants, upon information and belief, were at all times mentioned herein employees of Defendant Daviess County, Kentucky and were officers of the Jail (deputy jailers), acting in their individual and official capacities as employees, servants, and/or agents of Defendant Daviess County, Kentucky and/or the Daviess County Detention Center and personally participated in the deliberate mistreatment of the Plaintiff by failing to provide adequate medical care and/or denying medical care to the Plaintiff.

6. Defendant Advanced Correctional HealthCare, Inc. ("AACH") which, at all times mentioned, herein employed, was responsible for the establishment of policies, either formally or by custom for, and was responsible for the employment, training, supervision and conduct of its health care professionals providing medical care at the Jail, including the medical staff named as Defendants herein above.

7. Defendants Sheila Matthews, RN, S, Gibson, RN, Sheri Meserve, RN, A. And, RN, Matthew P. Johnson, LPN, and Unknown John and Jane Doe Defendants, upon information

and belief, were at all times mentioned herein medical professionals employed or separately contracted by AACH to work at the Jail providing medical care to inmates, and all personally participated in the deliberate mistreatment of the Plaintiff by failing to provide adequate medical care to the Plaintiff and/or denying medical care to Plaintiff.

8. Upon information and belief, and as set forth below, there may be additional UNKNOWN JOHN AND JANE DOE DEFENDANTS employed or formerly employed by the Jail whose identities are as yet unknown to the Plaintiff, but who bear responsibility for Plaintiff's injuries.

## IV. NATURE OF DEFENDANTS' CONDUCT

9. Defendants, individually, and in concert with one another, engaged in the conduct described herein below under color of law of the Commonwealth of Kentucky and Daviess County, Kentucky. The individual Defendants named above knowingly participated, acquiesced in, contributed to, encouraged, and implicitly authorized or approved the conduct described below individually and in their official capacities with the Jail. The offenses described below resulted from the failure of the entities and supervisory officials named above to employ qualified persons for positions of authority, and/or to properly train and supervise the conduct of personnel after their employment, and/or to properly promulgate appropriate operating policies and procedures, either formally or by custom, to protect the Plaintiff's constitutional rights. Defendants' intentional, grossly negligent, and/or objectively unreasonable conduct indicated active malice toward the Plaintiff, as well as manifesting deliberate indifference to Plaintiff's obvious medical needs and showing a reckless disregard for her life and her constitutional rights. As a result, Plaintiff is entitled to an award of actual and punitive damages.

## V.  FACTS

10. A few minutes before midnight on April 15, 2016 Plaintiff was arrested by officers of the Owensboro Police Department on various charges and transported to the Daviess County Detention Center ("Jail") where she was lodged and booked shortly after midnight on April 16, 2017 at 00:06AM.

11. At approximately 8:00AM on Saturday morning, April 16, 2016 the Plaintiff began experiencing vaginal bleeding, lower abdominal pain, sharp abdominal cramping pain, nausea and vomiting.  Plaintiff immediately reported her medical problems to Deputy Jailer Sherry Hurst who took her from her cell to the medical unit for evaluation, observation and treatment.  At that time the Plaintiff was administered a urine pregnancy test and was returned to her cell without being sent to the hospital for evaluation and treatment. Nurse Shuler was present during this time and told Plaintiff that the hospital could not do anything for her thus, she was sending her back to her cell in the general population area of the jail rather than in a medical observation cell.  Plaintiff was given by Nurse Shuler maxi-pads to control her vaginal bleeding and was told after her bleeding saturated five (5) pads to request five (5) additional pads to for her bleeding rather than seeking additional medical attention from a doctor or hospital.

12. From Saturday, April 16, 2017 until Friday, April 22, 2017 the Plaintiff continued to suffer severe abdominal pain and vaginal bleeding and made numerous requests for medical help from the jail staff and nurses to no avail except to receive additional maxi-pads and Tylenol pain killer.  At no time did the Defendants ever have the Plaintiff evaluated by a physician even after numerous phone calls and requests for such were made by Plaintiff's husband and by Plaintiff, nor did the Defendants take Plaintiff to the hospital as she and her husband requested.

13. Even after jail staff confirmed on April 18, 2016 that the Plaintiff was pregnant, and after telling her she was pregnant, the Defendants failed and refused to take Plaintiff to a doctor or to the hospital for treatment of her severe abdominal pain and vaginal bleeding.

14. Finally, on April 18, 2016 in a "Medical Progress Note" a nurse noted "Schedule OG/GYN appoint. ASAP Keep pad count".

15. On April 19, 2016 in a "Narrative Progress Report" it is noted that "Lindsey-nurse at One Health OBGYN office called to schedule appointment for Thursday 05/12/2016 at 2:15PM."

16. Plaintiff's severe abdominal pain and bleeding continued daily with no relief from jail staff/Defendants. On April 21, 2016 in another "Medical Progress Note" a nurse noted "OB/GYN-Move up Appointment". Unfortunately, for the Plaintiff that appointment was not moved up nor was she taken out of the jail to a doctor or to the hospital for immediate care and treatment.

17. Consequently, on April 22, 2016 at 1932, with Plaintiff's medical condition clearly worsening, Plaintiff again sought medical assistance and sought help from her fellow inmates who basically caused an inmate disturbance wherein inmates were striking their cell door with a hard object trying to get a deputy jailer's attention and medical assistance for Plaintiff. Finally, a deputy jailer came to the cell and got other jail staff to the cell to evaluate the Plaintiff who stated she was in severe pain and about to pass out. As a result, Plaintiff was removed from her cell in a wheelchair and taken to the medical unit for further observation and evaluation but subsequently returned to her cell.

18. On that same date, April 22, 2016 at 7:09 PM the Defendants received a fax test result of an ultrasound indicating that the Plaintiff may have an "ectopic pregnancy". As a result

of this fax, the Defendants finally decided that the Plaintiff should be sent to the hospital for evaluation and treatment, almost seven (7) days from when she first complained to the Defendants about her severe abdominal pain and vaginal bleeding.

19. A "Narrative Progress Note" from the Jail dated April 22, 2016 at 1845 states, "Send I/M to OHRH for possible ectopic pregnancy R/T ultrasound performed at 1730 per Quality Mobile Xray Service".

20. In an effort by the County Defendants and Defendant Osborne to keep the County from having to pay the Defendants medical bills as required by law when an inmate needs medical treatment and is incarcerated in the county jail, the County Defendants and Defendant Osborne unethically and illegally got the Plaintiff bonded out of jail without her having to post any money so that the county would not have to pay the medical bills of the Plaintiff. Further, to add insult to injury the Defendants did not even call an ambulance to the jail to transport the Plaintiff to the hospital. Rather, the Defendants placed the Plaintiff in a jail cruiser and took her to the hospital and dropped her off at the hospital emergency room in blatant disregard of her medical condition and need for medical treatment while being transported evidencing further the Defendants' deliberate indifference to Plaintiff's serious medical needs.

21. Consequently, after being taken to the hospital and after being evaluated, Plaintiff underwent surgery to remove her fallopian tube thus permanently impairing her ability to become pregnant, because of the Defendants' deliberate indifference and denial of medical care to the obvious medical needs of the Plaintiff.

22. As a result of Defendants' intentional, illegal, unreasonable and deliberate indifference actions, Plaintiff suffered permanent injuries and damages for which she should be compensated.

## COUNT I

## DAVIESS COUNTY'S CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. SEC. 1983

23. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

24. Plaintiff's mistreatment was a result of a continued pattern of misconduct. Defendants were repeatedly unresponsive to the obvious medical needs of the Plaintiff, and repeatedly failed to secure for her necessary and recommended medical attention resulting in a denial of medical care to Plaintiff as an inmate. Such actions and inactions on the part of the Defendants are the result of the policies, procedures, customs and practices of Defendant Daviess County, Kentucky d/b/as the Daviess County Detention Center and Unknown Defendants. These policies demonstrated a negligent, intentional and/or a deliberate indifference to the health, well-being, medical needs and constitutional and common law rights of the Plaintiff.

25. The Defendants' conduct, individually or collectively, was a result of the policies or customs enacted and instituted by Daviess County, Kentucky, the Daviess County, Kentucky Detention Center and Unknown Defendants and enforced by the Daviess County, Kentucky Jailer, David Osborne, who is accountable to the government.

26. Given the current law, the Defendants' treatment of the Plaintiff was intentional and/or wanton and malicious and therefore, rises to the level of a total and reckless disregard of, and deliberate indifference to the Constitutional right of the Plaintiff to receive appropriate medical care while incarcerated in the Daviess County Detention Center.

27. As a direct and proximate result of the Defendants' violations of the Plaintiff's civil rights, the Plaintiff has suffered injuries and damages.

28. Defendants' deliberate indifferent acts and/or omissions were the direct and proximate cause of Plaintiff's injuries and damages.

30. As a proximate result of Defendants' violations and/or depravations of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C Section 1983, together with costs, interest and attorney fees.

31. Defendants were acting under color of state law when they undertook the actions described above in Section V, FACTS, of this Complaint and such conduct also violated concomitant rights guaranteed by the Constitution and common laws of Kentucky.

## COUNT II

## ADVANCED CORRECTIONAL HEALTHCARE INC.'S CONSTITUTIONAL VIOLATIONS AND CONSTITUTIONAL VIOLATIONS OF THE INDIVIDUALLY NAMED ADVANCED CORRECTIONAL HEALTHCARE, INC.'S EMPLOYEES

32. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

33. Plaintiff's mistreatment was a result of a continued pattern of misconduct. Defendants were repeatedly unresponsive to the obvious medical needs of Plaintiff, and repeatedly failed to secure for her necessary and recommended medical treatment resulting in a denial of medical care to Plaintiff as an inmate. Such actions or inactions on the part of the Defendants are the result of the policies, procedures, customs, and practices of Defendant Advanced Correctional Healthcare, Inc. and Unknown Defendants. These policies demonstrated a negligent, intentional and/or deliberate indifference to the health, well-being, and constitutional and common law rights of the Plaintiff.

34. The Defendants conduct, individually, collectively or as a corporate entity was a result of the policies or customs enacted and instituted by Defendant Advanced Correctional Healthcare and Unknown Defendants and carried out and enforced by the individually named Defendants of Advanced Correctional Healthcare and Unknown Defendants.

35. Given the current law, the Defendants' treatment of the Plaintiff was intentional and/or wanton and malicious and therefore, rises to the level of a total and reckless disregard of, and deliberate indifference to the Constitutional right of the Plaintiff to appropriate medical care while incarcerated in the Daviess County Detention Center.

36. As a direct and proximate result of the Defendants' violations of the Plaintiff's civil rights, the Plaintiff has suffered injuries and damages.

37. Defendants' indifferent acts and omissions as related to Plaintiff were the direct and proximate cause of Plaintiff's injuries and damages.

38. As a proximate result of Defendants' violations and/or deprivation of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. Section 1983 together with costs, interest and attorney fees.

39. Defendants were acting under the color of state law when they undertook the actions described above in Section V, FACTS, of this Complaint and such conduct also violated concomitant rights guaranteed by the Constitution and common laws of Kentucky.

## COUNT III

### FAILURE TO TRAIN AGAINST ALL NAMED AND UNKNOWN DEFENDANTS

40. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

41. The Defendants, and their personnel and/or agents, had a duty to train their employees and/or agents with regard to providing inmates with proper medical care when in custody, but breached that duty to the Plaintiff resulting in damages.

42. The Defendants, and their personnel and/or agents, are therefore liable for the Constitutional deprivations caused by their breach of duties in failing to properly train their employees and/or agents with regard to providing inmates with proper medical care when in custody.

43. The Defendants acted intentionally, maliciously, or with reckless disregard or callous indifference to the constitutional rights of the Plaintiff and are liable for Punitive Damages.

## COUNT IV

## FAILURE TO SUPERVISE AGAINST ALL NAMED AND UNKNOWN DEFENDANTS

44. Plaintiff realleges and incorporates each and every paragraph of this Complaint as though fully set forth herein.

45. The Defendants, and their personnel and/or agents had a duty to properly supervise their employees and/or agents with regard to providing proper medical care to inmates in custody, but breached that duty to Plaintiff resulting in damages.

46. The Defendants, and their personnel and/or agents are therefore liable for the Constitutional deprivations caused by their breach of duties in failing to properly supervise their employees and/or agent who were charged with the duty of providing proper medical care to inmates in custody.

47. The Defendants acted intentionally, maliciously, or with reckless disregard or callous indifference to the constitutional rights of the Plaintiff and are liable for Punitive Damages.

## COUNT V

## NEGLIGENCE, GROSS NEGLIGENCE AND PROFESSIONAL NEGLIGENCE

48. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

48. All the Defendants, including Unknown Defendants, had a duty to timely treat Plaintiff's medical condition as would reasonable person.

49. As set forth above, all individual Defendants, including Unknown Defendants, were negligent and grossly negligent and all breached their duty and/or duties to the Plaintiff with regard to providing medical care to Plaintiff, an inmate, resulting in a denial of medical care to the Plaintiff.

50. Additionally, the medical professionals named individually herein who were responsible for the medical care of the Plaintiff failed to meet the standard of care applicable to the professions of which they individually practice and breached their respective duty and/or duties of care to the Plaintiff.

51. Defendants', in their treatment of the Plaintiff, violated 502 KAR 3:090, which codifies in state regulations the standard of care to be provided for inmate medical care in Kentucky.

52. Defendants' breach of duty and failure to meet the applicable standard(s) of medical care with regard to the Plaintiff was done in bad faith.

53. As a direct and proximate result of all the Defendants' conduct, including Unknown Defendants, Plaintiff has been damaged in amount exceeding the jurisdictional limits of this Court, as described further herein, and Plaintiff is entitled to compensatory damages, punitive damages and other costs, expenses and attorney fees as allowed by law and the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff herby demands the following:

1. Trial by Jury of all issues triable by a jury;

2. An award for compensatory damages in an amount to be shown at trial including damages for Plaintiff's mental and physical pain and suffering;

3. Punitive damages in an amount to be shown at trial;

4. Pre-and-post judgment interest on all sums awarded;

5. Attorneys' fees under 42 U.S.C. Section 1988 and any other applicable provisions of law;

6. Any and all other relief the Plaintiff is entitled to under the law.

Respectfully submitted,

*/s/Bryce L. Caldwell*
Bryce L. Caldwell, Attorney At Law, PLLC
401 Frederica Street, Building B, Suite 204
Owensboro, KY 42301
270-852-4900 Office
brycecaldwell33@gmail.com

AND

*/s/Brent L. Caldwell*
Caldwell Law Firm, PLLC
153 Market Street
Lexington, KY 40507
859-225-1400 Office
bcaldwell@caldwelllawyers.com
Attorneys for Plaintiff